PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:21-CV-02353-JAM-DB |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* MOTION FOR ORDER PERMITTING DIRECT NOTICE OF COMPLAINT FOR FORFEITURE BY EMAIL |
| v. | |
| APPROXIMATELY 10.19321397 BITCOIN, | |
| Defendant. | |

Plaintiff, the United States of America, by and through its undersigned attorney, respectfully requests that this Court enter an *Ex Parte* Order Permitting Alternate Service in the above captioned matter, for the reasons set forth below.

**STATEMENT OF FACTS**

On December 17, 2021, a civil complaint seeking forfeiture pursuant to Title 18, U.S.C. § 981(a)(1)(C) was filed in the United States District Court for the Eastern District of California by the United States of America, plaintiff, seeking forfeiture of the Approximately 10.19321397 Bitcoin (hereafter "defendant cryptocurrency"). ECF No. 1.

The defendant cryptocurrency was seized from cryptocurrency exchange Binance. As discussed in the Complaint, the defendant cryptocurrency is the result of a sophisticated phishing campaign that occurred during at least February 2021, targeting the Trezor cryptocurrency wallet and website. The

suspects lured victims to a fake Trezor site that was like the legitimate one (https://trezor[.]io). [1] The fake site could be found by searching for "trezor.io wallet" on the Bing search engine. When users logged into this fraudulent website the suspects would steal their "mnemonic key,"2 execute account takeovers of the victim wallet, and drain user accounts of some or all of their cryptocurrency. *Id*.

Most of the known proceeds from this scam were frozen by the United States and subsequently seized by the United States pursuant to a federal seizure warrant. The U.S. Secret Service ("USSS") examined the blockchain and tracked the stolen cryptocurrency to the Binance cryptocurrency exchange. The cryptocurrency seized because of the seizure warrant constitutes the defendant cryptocurrency. *Id*. As a result of this scheme, one victim was identified. *Id*.

The United States has named the defendant cryptocurrency as an *in rem* defendant to ensure a formal process for adjudicating the ownership interests in the cryptocurrency. The defendant cryptocurrency is currently in the custody of the USSS.

The United States has sought to locate the holder of the account from which the defendant cryptocurrency was seized. However, it appears the individual is currently in India, beyond the reach of United States' service of process by traditional means. The United States has identified an email address that was provided to Binance by the account holder. In addition, someone claiming to be the Binance account holder contacted the USSS agent with another email address.

Binance accounts are only accessible through the internet via their respective websites or web-based applications. Individuals become users of these cryptocurrency exchange platforms by creating accounts. Historically, creating such accounts often did not require substantive verification documentation, called "know your customer" ("KYC") information.

Beginning on January 8, 2022, following the filing of the Complaint, the United States posted Notice of Civil Forfeiture on an official government internet site (www.forfeiture.gov) for 30 consecutive days, notifying potential claimants that the United States had filed a verified Complaint for Forfeiture against the defendant cryptocurrency pursuant to 18 U.S.C. § 981. The notice instructed potential claimants of the need to file a claim and answer, provided additional information regarding petitions for

---

1 Trezor is a company that makes "wallets" used to store cryptocurrency
2 This mnemonic key contains all of the information required to regenerate a Trezor Wallet. As a result, gaining access to a device's mnemonic key is like having its password.

2

remission or restoration, and directed individuals to a government website with additional information. The United States has sent notice to the victim by first class mail, certified mail, and personal service and to Binance by Federal Express. To date, no claims or answers have been filed and no petitions for remission or restoration have been received by the United States.

Because individuals creating Binance accounts were not always required to provide verified identity documentation, identifying information for the account holder is sometimes limited to username and email address. Usernames were generated by the account registrant at the time of its creation and are not intrinsically tied to any other identifying information. With this limited information alone, and without the government first attempting to contact the email address to obtain further information, it is not possible to identify the exact locations of individuals or entities represented by the email address. The government's primary objective in filing its civil forfeiture complaint was to establish an orderly process for the accountholder or victims who have a legitimate interest in the defendant cryptocurrency to have the opportunity to recover any cryptocurrency they rightfully own by making them aware of the proceedings, and of what actions they need to take to identify themselves to the government and file claims.

Serving the Binance accountholder with the Complaint and its accompanying Warrant for Arrest *In Rem* by the government's usual method of delivery — by first-class and certified mail and personal service — is impossible. The government simply cannot determine the whereabouts of the interested party with the limited information it currently has in its possession through any effort, reasonable or otherwise. Service by email to the registered user is the only known alternative to provide direct notice.

## ARGUMENT

I. **Notice that is Reasonably Calculated to Inform All Potential Claimants of these Proceedings Satisfies Due Process and the Requirements of Supplemental Rule G**

Supplemental Rule G of the Federal Rule of Civil Procedure requires that the government "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government . . . ." Supp. R. G(4)(b)(i). This notice provision does not

require compliance "with the formal service of process provisions of Federal Rule of Civil Procedure 4 . . . because potential claimants are not defendants in an *in rem* action . . . ." *United States v. Sixty Thousand Twenty Dollars ($60,020.00) in U.S. Currency*, 2019 WL 2202953, *3 (E.D. Mich. Apr. 24, 2019) (citing *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 320 n.1 (6th Cir. 2010)). To properly serve notice under Supplemental Rule G, the government's efforts must be "'reasonably calculated' to achieve the intended notice." *Id.* (citing *Dusenbery v. United States*, 534 U.S. 161, 168 (2002)).

The "reasonably calculated" standard cited in *U.S. v. Sixty Thousand Twenty Dollars* and *U.S. v. $22,050.00 United States Currency* is derived from the Due Process Clause of the Fifth Amendment, which prohibits the government from depriving any person of property without "due process of law." The Supreme Court has explained that providing such "reasonably calculated" notice does not require "heroic efforts" by the government. *Dusenbery*, 534 U.S. at 170; *see also Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 285 (6th Cir. 2005). The form of notice provided by the government must be sufficient to put a reasonable person on notice that it is of legal significance and thus important. *See Crespo-Caraballo v. United States*, 200 F. Supp. 2d 73, 77-78 (D. Puerto Rico Apr. 29, 2002) (analyzing due process requirements for notice in administrative forfeiture proceeding). "Reasonably calculated" notice must therefore be "reasonably certain to inform those affected," and in any event, "not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950).

Such "reasonably calculated" notice can include, "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification." *Id.* at 314. In *Mullane*, the Supreme Court recognized that due process does not require the same form of notice for everyone. The appellants in *Mullane* challenged the judicial settlement of a common trust established under New York law on the ground that notice by newspaper publication alone, which was the standard permitted under the New York Banking Law, was "inadequate to afford due process under the Fourteenth Amendment." *Id.* at 311. The Supreme Court agreed with appellants that, in the case of known beneficiaries whose residences were known to the trust, notice by publication alone was inadequate, where the trust had already shown its ability to mail notice to known beneficiaries in the past. *Id.* at 318-19.

But the court also held that, in the case of the "beneficiaries . . . whose interests or whereabouts could not with due diligence be ascertained," notice by publication alone *did* satisfy due process. *Id*. at 317.  Following *Mullane*, the Sixth Circuit in *Karkoukli's, Inc.*, held that, after appellees' "significant efforts" to mail actual notice without result, "it was reasonable for them to treat Karkoukli's whereabouts as 'missing or unknown' and move on to methods of constructive notice," and thus notice by publication satisfied due process. *Kakoukli's, Inc.*, 409 F.3d at 285-86.

The courts have also held that notice in English is "reasonably calculated" to notify potential claimants of forfeiture proceedings even when English is not their native or primary language. *See Toure v. United States*, 24 F.3d 444 (2nd Cir. 1994).  In *Toure*, the appellant was a native French speaker residing in Togo with limited ability to read and understand English.  *Id.* at 445.  He claimed that the notice of administrative forfeiture provided by the Drug Enforcement Administration in English, rather than his native language of French, denied him of due process.  *Id.*  The *Toure* Court, using a "reasonableness" standard, considered "whether the notice was "sufficient to put a reasonable person on notice that the order was important and, if not understood, required translation." *Id.* at 446 (citations omitted).  The *Toure* Court concluded that such notice was, in fact, reasonable, and thus satisfied due process requirements.

## II.   Email Notice is Reasonably Calculated to Notify All Potential Claimants of these Proceedings

In the case at bar, the government seeks permission to notify the known potential claimant directly by email.  In typical forfeiture proceedings, the government provides direct notice to potential claimants by first class mail and certified mail, and to some potential claimants by personal service.  However, as noted above, the United States only possesses the name of and email addresses for the Binance accountholder.  Identifying information for the account identified by Binance is limited to a username, Indian passport, unverified phone number and email address.  The government does not know the mailing address for the Binance accountholder or if the person who contacted the USSS agent using a different email address than the one registered with Binance is the Binance account holder or not.  After a thorough investigation, it is not known if the Binance accountholder resides in the United States or

5

another country.  The United States simply cannot obtain any additional identifying information for the Binance accountholder.  The true owner of the registered account is, for purposes of providing typical notice by mail, "missing or unknown" to the government.

Here, like in *Mullane* and *Karkoukli's, Inc.*, there are potentially interested parties whose specific interests and whereabouts are presently unknown, warranting a departure from the typical notice procedures.  However, unlike in *Mullane* and *Karkoukli's, Inc.*, the government is not seeking to satisfy its due process obligations through mere publication.  Instead, the government seeks permission to pursue an alternative method of direct notice via email, in addition to notice by publication.

As stated above, the government's primary objective in this proceeding is to establish an orderly process by which the potential claimants who may have a legitimate interest in the defendant cryptocurrency will have an opportunity to recover some or all of the value of their portion of the seized defendant cryptocurrency.  If no claims or answers are filed, the United States intends to file a Motion for Default Judgment and Final Judgment of Forfeiture.  Once the defendant cryptocurrency has been forfeited, the United States will then initiate a petition for remission process with the victim.  Service by email is "reasonably calculated" to both reach the potential claimant and inform him/her of the legal significance of such notice.  The email notice will "describe[] in detail the procedure for contesting the forfeiture," *Crespo-Caraballo*, 200 F. Supp. 2d at 77-78, and provide the potential claimant with a link to access a publicly available web page with additional information.  It will contain, at a minimum, all of the information that would be contained in a physical mailing (in either the body of the email, its attachments, or both).

Service by email has been routinely permitted by the federal courts in other civil matters.  *See, e.g.*, *FKA Distributing Co. v. Yisi Tech. Co.*, 2017 WL 4129538, *1 (E.D. Mich. Sept. 19, 2017) (collecting cases); *McCluskey v. Belford High School*, 2010 WL 2696599 (E.D. Mich. June 24, 2010) ("Numerous federal courts have held that service by e-mail is appropriate and consistent with Due Process in circumstances where the party to be served does business on the internet and via e-mail." (citations omitted)).  For example, in *Elcometer, Inc. v. TQC-USA, Inc.*, 2013 WL 592660 (E.D. Mich. Feb. 14, 2013), the plaintiff sought to serve the defendants, who were located in Panama, "via email, arguing that [they] conduct their business on the internet and through email and [email service] is

reasonably calculated to give [them] notice . . . ." *Id.* at *2. The *Elcometer, Inc.* Court found that such service was "reasonably calculated" where the defendants conducted their business on the internet and had responded to plaintiff's counsel via email. *Id.* at *3.

Like the defendants in *Elcometer, Inc.*, the Binance accountholder in this case has conducted his/her business on the internet – the defendant cryptocurrency was only accessible through cryptocurrency exchanges using the internet. In order to establish his/her exchange profiles, the Binance accountholder provided an email address, indicating that he/she utilizes that email address to conduct his/her business as it concerns the defendant cryptocurrency. Accordingly, direct notice by email is appropriate and consistent with due process and satisfies the requirement of Supplemental Rule G.

In determining whether due process is satisfied by email communication, courts "have considered whether . . . the movant has established that the email address in question is valid." *FKA Distributing*, 2017 WL 4129538 at *2 (citation omitted); *see also Lexmark Inter'l, Inc. v. Ink Tech. Printer Supplies, LLC*, 295 F.R.D. 259 (S.D. Ohio Dec. 2, 2013). To demonstrate validity, courts consider whether "communication has occurred . . . at those email addresses," *Lexmark International*, 295 F.R.D. at 262, and whether attempts to send email to those addresses were "returned as undeliverable or did not 'bounce back,'" *FKA Distributing*, 2017 WL 4129538 at *2. Here, there is indicia that the email addresses are valid, principally that they were provided by the individual who registered the account, and one was used to contact the USSS agent.

In *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), the appellant, Rio International Interlink ("RII"), challenged "the sufficiency of the service of process, effected via email and regular mail . . . ." *Id.* at 1012. RII was "a Costa Rican entity that participate[d] in an Internet sports gambling operation," sued for "various trademark infringement claims" by Rio Properties, Inc. ("RIO"). *Id.* at 1012-13. After RIO's initial attempts to serve RII by mail failed, RIO learned that RII "preferred communication through its email address" and ultimately provided service through email pursuant to a court order.[3] *Id.* at 1013. The *Rio* Court concluded that email service provided RII with due process because it was "reasonably calculated" to notify RII of the pending action. *Id.* at 1017. The *Rio* Court

---

[3] RIO also served RII by mail at RII's international courier address in the United States, but the *Rio* Court separately analyzed whether each form of service satisfied constitutional due process requirements.

went on to note that "RII structured its business such that it could be contacted *only* via its email address," and that email was "the method of communication which RII utilizes and prefers." *Id.* at 1018 (emphasis in original).

The potential claimant is similarly situated to the appellant in *Rio*. In order to interact with the cryptocurrency exchanges and access his/her portion of the defendant cryptocurrency, the potential claimant had to register the account with the exchange. Binance *only* provided the government with one method of contact for that account holder – an email address[4] – not a physical mailing address. Thus, for purposes of this case concerning the defendant cryptocurrency, the potential claimant has essentially "designated [his/her] email address as [his/her] preferred contact information." *Id.* at 1018.

The decision of the potential claimant to rely on his/her email address as a means of contact when establishing the Binance account sufficiently verifies the validity of the email address. A requirement that the government first test the validity of the email addresses by sending emails and tracking delivery receipts or "bounce back[s]" would represent an expenditure of time and resources comparable to what the government already needs to undertake to serve notice of the complaint immediately via email to the untested email addresses.

Moreover, in the event that the government took this additional step to further validate the email address and discovered that any of them were not valid, the government would be in no better position to reach the potential claimant with direct notice. As stated above, despite diligent efforts, the government has been unable to discover any other identifying information related to the Binance accountholder other a username, Indian passport, unverified phone number and email address. If the email address associated with a registered Binance account and the other email address used to contact the USSS agent proves to be invalid (which will be determined in the event that notice is sent via email), the government will have no better way to contact the potential claimant than publication.

## **CONCLUSION**

For the reasons stated above, the government asks that this court enter an order permitting direct notice via email of the Complaint for Forfeiture and the Warrant for Arrest *In Rem* to potential claimant

---

[4] The potential claimant also provided a username to be associated with the account, but that self-generated username is not inherently tied to any traditional form of identification.

Tarun Kumar Arora, who has been identified as the holder of the Binance account the defendant cryptocurrency was seized from.

Dated: 3/8/2022

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney