PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>APPROXIMATELY 10.19321397 BITCOIN,<br><br>        Defendant. | 2:21-CV-02353-TLN-DB<br><br>*EX PARTE* MOTION FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE AND BRIEF IN SUPPORT THEREOF |

The United States hereby moves this Court pursuant to Local Rule 540 for entry of a default judgment against the interests of Tarun Kumar Arora, Caroline Hepworth, and Binance.  Pursuant to Local Rule 540(d), the United States makes this motion *ex parte* because no one has appeared to claim the defendant cryptocurrency.

The United States also moves for entry of a Final Judgment of Forfeiture that vests in the United States all right, title, and interest in the defendant cryptocurrency.  This motion is based upon the brief in support of the motion, all pleadings and documents previously filed herein, and the Declaration of Tammy Teglia (hereafter "Teglia Decl.").

///

///

///

1

## BRIEF IN SUPPORT OF MOTION

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Statement of the Case.

This is a civil action *in rem* to forfeit to the United States Approximately 10.19321397 Bitcoin (hereafter "defendant cryptocurrency"). The defendant cryptocurrency was seized by the U.S. Secret Service ("USSS") on or about September 21, 2021, pursuant to a Federal seizure warrant.

The United States alleges that the defendant cryptocurrency was derived from proceeds traceable to an offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), which incorporates the definition of "specified unlawful activity" found in 18 U.S.C. § 1961(1) and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). Wire Fraud in violation of 18 U.S.C. § 1343, constitutes "specified unlawful activity" as defined in § 1961(1). The facts supporting these allegations are set out in detail in the Verified Complaint for Forfeiture *In Rem* (hereafter "Complaint") filed on December 17, 2021. Specifically, the Complaint alleges the USSS began an investigation into a fraud scheme that took place on or around February 7, 2021, targeting a single known victim who resides in Oroville, California (hereinafter "Victim 1"). Complaint, ¶ 5. As a result of the scheme, this individual was defrauded out of approximately 12.51 Bitcoin ("BTC"). *Id.* The USSS was notified of a potential fraud on April 6, 2021. Complaint, ¶ 6. The USSS agent believes an individual attempted to defraud others via a fake cryptocurrency wallet site that mirrored the legitimate one (https://trezor[.]io) in order to defraud unassuming individuals.[1] *Id.* The fake Trezor site could be found by searching for "trezor.io wallet" on the Bing search engine. *Id.* Victim 1 accessed the fake site and provided the likely fraudster with their "mnemonic key.[2]" *Id.* These words, when listed in the correct order on the legitimate Trezor, allowed the likely fraudster who created the fake website to re-create the victim wallet and drain approximately 12.51 BTC from it. *Id.*

An examination of Victim 1's browser history on February 7, 2021 shows that Victim 1 conducted a Bing search and then accessed a site titled "Trezor Hardware Wallet (official) | The original and most secure hardware wallet." Complaint, ¶ 7. After accessing it, Victim 1's browser history

---

[1] Trezor is a company that makes "wallets" used to store cryptocurrency.
[2] This mnemonic key contains all of the information required to regenerate a Trezor Wallet. As a result, gaining access to a device's mnemonic key is similar to having its password.

indicates that they were re-directed to another site (https://trrezorr[.]io/start).  *Id.*  Once on the fake Trezor site, Victim 1 was asked to type in their "mnemonic key."  *Id.*  Doing so gave the fraudster access to all cryptocurrency in Victim 1's wallet.  *Id.*

Analysis of victim 1's Trezor wallet shows that there were multiple deposits made into the wallet.  Complaint, ¶ 8.  The initial deposit was on December 17, 2017 and the final one was on August 12, 2019.  *Id.*  On August 12, 2019, the balance in the victim's wallet was approximately 12.51 BTC.  *Id.*  Blockchain analysis and Victim 1's Trezor transaction history shows that shortly after they accessed the fake Trezor site, approximately 12.51 BTC was removed from the victim's Trezor wallet.  *Id.*  Victim 1 stated that they did not initiate this transaction.  *Id.*  The approximately 12.51 BTC was sent to a wallet known as 1JUii3URpsy7UAng2q6AgWQfYnv65b3rsP (herein, "1JUii").  *Id.*  The approximately 12.51 BTC was then co-mingled with other funds of unknown origin and ultimately deposited into the account of Tarun Kumar Arora at Binance cryptocurrency exchange.  *Id.*

The USSS agent believes the fraudster sent Victim 1's BTC to Binance.  Complaint, ¶ 9.  Through blockchain tracing analysis, the agent has determined that Victim 1's BTC was sent to Tarun Kumar Arora at Binance Cryptocurrency exchange ("the Arora Binance Account").  *Id.*  Specifically, on February 7, 2021, the approximately 12.51 in stolen BTC was transferred out of Victim 1's Trezor wallet and to at least one intermediary address (described in detail below).  *Id.*  It was then transferred almost entirely to Arora at Binance.  *Id.*

The illustration in paragraph 10 of the Complaint shows the movement of BTC from Victim 1's wallet to Arora's Binance account.  Complaint, ¶ 10.  On February 7, 2021, Victim 1's Trezor wallet sent BTC to address[3] 1JUii (totaling approximately 12.51 BTC).  *Id.*  This 12.51 BTC was then co-mingled with approximately .043 BTC from another address.  *Id.*  The source of the .043 BTC is unknown and not derived from the victim account.  *Id.*  On February 8, 2021, address 1JUii transferred approximately 10 BTC from Victim 1 to 1t5GjMaLBfGMz3Y26ZP95FQXv55Wg5k2o (herein, 1t5Gj).  *Id.*  Then, approximately 2.51 BTC from 1JUii along with an additional approximately .36 BTC from other addresses (totaling approximately 2.87 BTC was sent to 1Mbz233ckvbXn1FXTasymj3ugiarABJrZ7

---

[3] An address is somewhat analogous to a bank account number and is comprised of a case-sensitive string of letters and numbers amounting to a total of 26-35 characters.

(herein, 1Mbz2).  *Id.*  Analysis has shown that the same likely fraudster controls both 1JUii and 1Mbz2. *Id.*  On the same day (February 8, 2021), virtually all of the remaining approximately .043 BTC left in 1JUii along with the approximately 2.87 BTC from 1Mbz2 (totaling approximately 2.92 BTC) was sent to address 1t5Gj.[4]  *Id.*

The USSS agent confirmed that the account containing the stolen BTC is Arora's based upon information provided by Binance.  Complaint, ¶ 11.  They have confirmed that 1t5Gj is associated to Tarun Kumar Arora at their exchange because Arora has provided Binance with "Know Your Customer (KYC)" information.  *Id.*  This KYC information included a "selfie" and Indian passport with matching photo.  *Id.*  Arora provided Binance an email address (xxxxx_0085@rediffmail.com) from which customer service requests have been placed.  *Id.*  An individual who identified himself as Arora also emailed the USSS agent from email address xxxxxx3335@gmail.com, requesting that his Binance account be unlocked and that he was willing to speak with law enforcement about the matter.  *Id.*  The USSS agent emailed Arora on September 8, 2021 but did not get a response from him until October 15, 2021.  *Id.*

As noted above, the stolen BTC was held in an account at Binance.  Complaint, ¶ 12.  Binance is headquartered at Level 3, Melita Court, Triq Giuseppe Cali, Ta'Xbiex XBX 1420, Malta.  *Id.*  The USSS agent identified that users who hold accounts on the Binance platform login to it through the main website https://www.binance[.]com or via web-based application.  *Id.*  Account User ID/User ID# 25002089/ R8750839, held in the name of Tarun Kumar Arora, was first frozen by Binance at the request of the USSS.  *Id.*  On September 21, 2021, a Federal seizure warrant was executed on Binance for the virtual currencies currently held in User ID 25002089/User ID Number R8750839, controlled by and in the name of Tarun Kumar Arora, at the virtual currency exchange Binance.  *Id.*  Approximately 10.19321397 Bitcoin (the defendant cryptocurrency) was seized from Binance pursuant to the Federal seizure warrant. *Id.*

**B.     Facts Regarding Notice to Potential Claimants**

By order filed January 6, 2022, Magistrate Judge Deborah Barnes authorized public notice of the

---

[4] Mixing and co-mingling of BTC is commonly used by fraudsters to intentionally obscure the movement of stolen cryptocurrency.

action to be given one time for 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov.  Publication in a manner consistent with the Court's order began on January 8, 2022, and ran for at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereafter "Supplemental Rules").  *See* the Declaration of Publication filed with the Court on March 2, 2022.  ECF No. 9.

In addition to providing notice by publication, the United States also caused certain individuals to be served with notice:

      a.     Caroline Hepworth
      b.     Binance
      c.     Tarun Kumar Arora

On January 6, 2022, the United States mailed copies of the complaint, application and order for publication, warrant for arrest, order requiring service of process and joint status report, order re filing requirements, and court notices to Caroline Hepworth at 246 Schlaf Drive, Oroville, CA 95965, by first class mail and certified mail number 7018 0360 0000 6580 0529.  The PS Form 3811 (certified mail "green card" showing delivery of mail) was signed by Caroline Hepworth on January 19, 2022.   Teglia Decl. ¶ 3, Exhibit A.

On January 19, 2022, the U.S. Secret Service personally served the above-listed documents on Caroline Hepworth at 246 Schlaf Drive, Oroville, CA 95965.  Teglia Decl. ¶ 4, Exhibit B.

On or about January 25, 2022, Ms. Hepworth submitted a Consent of U.S. Magistrate Judge Jurisdiction form to the Clerk's Office for filing (ECF. No. 7).  On January 27, 2022, the U.S. Secret Service case agent informed the government he spoke to Ms. Hepworth regarding the Consent of U.S. Magistrate Judge Jurisdiction form she submitted to the Clerk's Office.  The agent said that Ms. Hepworth misunderstood what she was consenting to, did not want to file a claim in this case, and asked how she could have the form rescinded.  The agent said he told Ms. Hepworth she should contact the Clerk's Office to see if the form could be withdrawn.  Later that day, the agent told the government that Ms. Hepworth had called the Clerk's Office and was told they would make a note to disregard the paperwork she sent them.  The docket says "[DISREGARD – Filed in error]" for document number 7.

On January 6, 2022, the United States mailed copies of the above-listed documents to Binance at Level 3, Melita Court, Triq Giuseppe Cali, Ta'Xbiex XBX 1420 Malta, by International Federal Express.

According to Federal Express, the package was refused by Binance on January 12, 2022.  Teglia Decl. ¶ 6, Exhibit C.

On January 6, 2022, the United States sent copies of the above-listed documents to Binance by email to the following email address: case@binance.com.  On January 6, 2022, Binance responded via email that they were receiving heavy email traffic and would respond to our inquiry shortly.  On January 26, 2022, the government received formal correspondence from an individual named Nikolai with the Binance Case Team.  Nikolai's correspondence provided information on the Binance Case unit and an attached document set forth the current balance for the account the United States seized the defendant cryptocurrency from, as well as information specific to Binance concerning account freezes, seizures, and transferring funds.  Teglia Decl. ¶ 7, Exhibit D.

On March 10, 2022, the United States sent copies of the above-listed documents to Tarun Kumar Arora via email pursuant to the Order Permitting Direct Notice of Complaint for Forfeiture by Email filed March 10, 2022.  The email was sent to Tarun Kumar Arora at the following email addresses: tarun_0085@rediffmail.com and tarun13335@gmail.com.  Teglia Decl. ¶ 8, Exhibit E.

The United States now seeks entry of a default judgment against Tarun Kumar Arora, Caroline Hepworth, and Binance and the entry of a Final Judgment of Forfeiture vesting all right, title, and interest in the defendant cryptocurrency to the United States.

## II. ARGUMENT

**A.     The United States Has Complied with All Procedural Requirements**

**1.     Requirements of Local Rule 540 for Defaults in *In Rem* Actions**

Local Rule 540(a) provides as follows:

> (a)  Notice Required.  A party seeking a default judgment in an action *in rem* shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given:
>
> (1)  By publication, see L.R. 530;
>
> (2)  By personal service on the person having custody of the property;
>
> (3)  If the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and

      (4)      By personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided however, that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

As explained below, the United States has complied with these requirements.

### 2. The United States Has Published Notice

Because this is an action *in rem*, it is governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See United States v. Real Property,* 135 F.3d 1312, 1315 (9th Cir. 1998). Supplemental Rule G(4)(a)(iv)(C) provides that plaintiff shall cause public notice of the forfeiture action and arrest to be given on the official internet government forfeiture site for at least 30 consecutive days. The Local Admiralty and *In Rem* Rules (*See* Local Rule 530) further provide that the Court shall designate by order the appropriate newspaper(s) or other vehicle of publication. *Id.* (Incorporating Local Rule 171).

As noted above, by Order filed on January 6, 2022, this Court ordered notice of this action to be posted on the official government internet site www.forfeiture.gov, which began on January 8, 2022, and ran at least 30 consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules.

### 3. Service Requirements

Rule G of the Supplemental Rules sets forth the central procedures that govern civil *in rem* forfeiture actions and was designed to reflect the distinctive requirements of statutory, constitutional, and decisional law regarding this type of action. *See* Advisory Committee Notes to Rule G. These rules were previously known as the Supplemental Rules for Certain Admiralty and Maritime Claims, but effective December 1, 2006, the rules were renamed as noted above, and Rule G was added.

As reflected in Rule G, the government is constitutionally required to attempt to provide actual notice of a pending *in rem* forfeiture action by means "reasonably calculated under all the circumstances to apprise petitioner of the pendency of the…forfeiture[.]" *Dusenbery v. United States* 534 U.S. 161, 168 (2002).

As explained, the government has complied with these notice requirements.

      **a.**      **The United States Has Given Actual Notice to Interested Persons or Made Diligent Efforts to Give Actual Notice**

Supplemental Rule G(4)(b)(i) provides that the government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government.

The overarching principle in Rule G(4)(b) is that the notice "must be sent by means reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A). Notice may be sent to the potential claimant "or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Rule G(4)(b)(iii)(B).

Notwithstanding the provisions of the Supplemental Rules and Local Rule 540(a), in any forfeiture case authorized by statute of the United States, and as to any potential claimant, it is always sufficient if the government sends notice in a manner consistent with the requirements of the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 4(n)(1). Reasonable notice requires only that the government attempt to provide actual notice; it does not require that the notice was received. *See Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 1714 (2006). All of these requirements have been met in this case.

As explained above, the government mailed copies of the Complaint and case-related documents to Caroline Hepworth by first class mail and certified mail on January 6, 2022. The government mailed copies of the Complaint and case-related documents to Binance by Federal Express and sent the documents to Binance by email on January 6, 2022. The government personally served Caroline Hepworth on January 19, 2022. On March 10, 2022, the government sent copies of the Complaint and case-related documents to Tarun Kumar Arora via email pursuant to the Order Permitting Direct Notice of Complaint for Forfeiture by Email filed March 10, 2022, thereby complying with the Supplemental Rules and Local Rule 540(a).

**B.     The Time for Filing a Claim and Answer has Expired**

In an *in rem* forfeiture action such as this, a person who claims an interest in or right against the property that is the subject of the forfeiture action must file a verified claim identifying the interest or right by the deadline contained in the notice letter, which must be at least 35 days after the notice is sent (Rule G(4)(b)(ii)(B)) or not later than 30 days after the completion of publication. *See* Supplemental Rule G(5)(a)(ii)(B). Failure to file a timely claim under Rule G(5) precludes an individual from establishing

*Ex Parte* Motion for Default Judgment

statutory standing as a party to the lawsuit.  *Cf. United States v. Real Property Commonly Known as the Lido Hotel,* 135 F.3d 1312, 1317 (9th Cir. 1998) (applying Rule C(6) of the Supplemental Rules for Admiralty and Maritime Claims, now revised and renumbered as Rule G(5)).

Here, more than 30 days have passed since the last date of publication, and more than 35 days have passed since the Notice Letters were mailed and/or served on Tarun Kumar Arora, Caroline Hepworth, and Binance.  Accordingly, pursuant to Rule 55(a) of the Fed. R. Civ. P., the Clerk of the Court properly entered the defaults of Caroline Hepworth, Binance, and Tarun Kumar Arora on March 15, 2022 and May 12, 2022.  The United States now requests that the Court enter a Default Judgment and Final Judgment of Forfeiture against Tarun Kumar Arora, Caroline Hepworth, and Binance.

**C.     Forfeiture Is Warranted by the Verified Facts Presented.**

Because no one has appeared to contest the forfeiture, and a default has been entered against all potential claimants to the defendant cryptocurrency, the United States now seeks the forfeiture of the defendant cryptocurrency and the entry of a Final Judgment of Forfeiture pursuant to Rule 55(b)(2).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted).  "Rule 55 'tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2nd Cir. 2006) (citation omitted).

The allegations in the verified complaint, which are to be taken as true in light of the default of everyone known to have an interest in the property, establish that the cryptocurrency seized from Binance is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C)[5].  Thus, viewing the uncontested evidence in its totality, the government has met its burden.

**D.     The Form of Default Judgment**

As set forth above, the government alleges the defendant cryptocurrency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).  Thus, the forfeiture action is procedurally governed by the Supplemental Rules.  *See* 18 U.S.C. §§ 981(b)(2)(A) and 983(a)(3)(A).  The Supplemental Rules, however, do not provide a procedure for seeking a default judgment in an action *in*

---

[5] The facts are also reproduced in the Statement of the Case in this Motion for Default Judgment, Section 1(A).

*rem*. In the absence of such a procedure, the Court looks to the Federal Rules of Civil Procedure. *See* Supplemental Rule A(2). The Federal Rules of Civil Procedure require the party seeking a default to first seek entry of a clerk's default. *See* Fed. R. Civ. P. 55(a); *see also*, *United States v. $230,963.88 in U.S. Currency*, 2000 WL 1745130 (D.N.H. 2000) (in a civil forfeiture action, entry of default against interested party is a prerequisite to seeking a default judgment). Upon the entry of default, the United States may then seek entry of a default judgment against the non-appearing party. *See* Fed R. Civ. P. 55(b)(2); *see also*, *D. Smith, Prosecution and Defense of Forfeiture Cases,* ¶¶ 10.06(1), 10.98 (December 2002).

Accordingly, prior to seeking the entry of a default judgment, the government sought and obtained entry of a Clerk's Default against the interests of Tarun Kumar Arora, Caroline Hepworth, and Binance in the defendant cryptocurrency. Consistent with Rule 55(b)(2), the government now seeks the entry of a default judgment against their interests. Further, because this is an *in rem* action, the government seeks a judgment against all other potential interests as well. *See Waterloo Distilling Corporation v. United States*, 282 U.S. 577, 581 (1931) ("It is the property which is proceeded against, and, by resort to a legal fiction, held guilty and condemned as though it were conscious instead of inanimate and insentient."). A successful *in rem* forfeiture action results in a judgment not against a person, but against the property that is the subject of the *in rem* action; and the judgment affects the interests of all persons in that property. *See Hanson v. Denckla*, 357 U.S. 235, 246 n.12 (1958) (explaining the distinction between *in rem* actions, quasi *in rem* actions, and *in personam* actions). Thus, in addition to seeking a default judgment against the interests of Tarun Kumar Arora, Caroline Hepworth, and Binance, the government seeks a binding judgment against the interests of the entire world, i.e., a Final Judgment of Forfeiture that vests in the United States all right, title, and interest in the defendant cryptocurrency.

### III.

### CONCLUSION

Accordingly, the United States requests that the Court enter a default judgment of forfeiture against the interests of Tarun Kumar Arora, Caroline Hepworth, and Binance in the above-captioned defendant cryptocurrency. The United States further respectfully requests that the Court enter a Final

///

///

1  Judgment of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), forfeiting all right, title, and interest in the
2  defendant cryptocurrency to the United States to be disposed of according to law.
3  Dated: 5/17/2022                                    PHILLIP A. TALBERT
                                                       United States Attorney

                                            By:        /s/ Kevin C. Khasigian
                                                       KEVIN C. KHASIGIAN
                                                       Assistant U.S. Attorney

*Ex Parte* Motion for Default Judgment